CHARLES D. WRIGHT *vs*. F. W. BURNHAM, County Auditor.

December 6, 1883.

State Lands—Conditional Sale. — The law does not authorize the school and internal-improvement lands of the state to be disposed of, except by absolute sale as prescribed by statute. A *conditional* sale is unauthorized and void.

On the application of the relator, Charles D. Wright, an alternative writ of *mandamus* was issued by the district court for Otter Tail county, requiring the respondent to make the record and return of the con-- ditional sale mentioned in the opinion. On respondent's motion, this writ was quashed by the court, *Collins*, J., presiding, and from. the order quashing the writ the relator appeals.

*Harvey Officer* and *Young & Lightner*, for appellant.

*Wm. J. Hahn*, Attorney General, for respondent.

DICKINSON, J. One Johnson, by fraudulent means, procured to be· issued to himself, by the state auditor, a certificate of sale of certain. school and internal-improvement lands of the state, the certificate being regular upon its face. The state commenced an action to annul and set aside this certificate. While that action was pending and undetermined, and at a public sale of state lands, the state auditor· offered the same lands for sale, at the same time announcing the pendency of such suit, and that if the court should hold the alleged fraudulent certificate valid and binding upon the state, the purchaser· at the sale then to be made would acquire no title, and would not be required to pay the amount of his bid; but if that certificate should be declared void by the court, then the sale about to be made would be consummated by the state, and the purchaser, upon payment of· the amount required by law, would receive a certificate of sale. The land was sold to this relator, he being the highest bidder, for its full value, and he then tendered payment of the amount required by law to be paid at such sales, to wit, 15 per cent. of the purchase price, and one year's interest upon the balance of the same. The tender was refused, and the state auditor refused to execute or deliver a·

certificate of such sale. Subsequently, in the action referred to, the certificate of Johnson having been adjudged void, the relator renewed his tender of payment, and demanded a certificate of sale. This being refused by the present state auditor, for the reason that the records in his office did not show that any such sale had ever been made to the relator, the latter now seeks by *mandamus* to the present county auditor to compel him to make and return to the state auditor a record of such sale.

While this proceeding is opposed upon several grounds, it will be necessary for us to consider one point only. The sale, as made by the auditor, was not absolute, but only conditional and incomplete. The state was not to be bound as a vendor, nor the successful bidder as a vendee, except upon a contingency. Upon the terms announced, the state had no power to demand payment of the prescribed percentage of the purchase price, nor could the bidder make payment. Only upon the occurrence of the uncertain event was the sale to be consummated by payment and the delivery of the certificate of sale. The statute providing for the sale of such lands does not authorize nor contemplate such a transaction. It only authorizes *sales*, and not *conditional sales*, or contracts to convey. The sales are to be at auction; immediate payment of the prescribed portion of the purchase-money is contemplated, and the delivery of the certificate of sale. There was no authority, either expressed in the statute or to be deduced by implication from it, for making the conditional sale upon which this proceeding is founded, and it was hence of no force or validity. The purchaser was bound to know the limitations of the law upon the authority of the auditor in this respect.

Order affirmed.